UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NELS RIETH,

        Petitioner,

  v.                                    Case No. 05-C-513

DAVE BURTON,

        Respondent.

**DECISION AND ORDER**

Proceeding under 28 U.S.C. § 2254, petitioner Nels Rieth seeks relief from his conviction and sentence. He was convicted of arson following a two-week jury trial. His claim on appeal, and in the present habeas action, is that his attorney provided ineffective assistance of counsel by not bringing to the attention of the court the fact that one or more jurors were sleeping at various times throughout the trial. For the reasons given below, the petition will be denied.

**ANALYSIS**

Under 28 U.S.C. § 2254(d), a petitioner may be granted habeas relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under the first clause, habeas relief is proper if the state court "arrive[d] at a conclusion opposite to that reached by [the] Court on a question of law" or "if the state court confront[ed] facts that are materially indistinguishable from a relevant Supreme Court precedent"

and reached a different result. *Williams v. Taylor,* 529 U.S. 362, 405 (2000). And, under the second clause of § 2254(d), a state court's decision will constitute an "unreasonable application" of Supreme Court precedent only if the decision is "objectively unreasonable." *Id.* at 409. This means that a decision must not only be "incorrect," but must also be "unreasonable": "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

When the petitioner's claim is based on ineffective assistance of counsel, a further level of deference is built-in because there exists a presumption that counsel's performance was adequate. As the Seventh Circuit has explained,

> Where a state court has denied a *Strickland* claim on the merits, under the AEDPA we generally review for clear error. As we noted in *Holman v. Gilmore*, "*Strickland* calls for inquiry into degrees; it is a balancing rather than a bright-line approach.... This means that only a clear error in applying *Strickland*'s standard would support a writ of habeas corpus." 126 F.3d 876, 881-82 (7th Cir. 1997). This is because "*Strickland* builds in an element of deference to counsel's choices in conducting the litigation [and] § 2254(d)(1) adds a layer of respect for a state court's application of the legal standard." *Id.*

*United States ex rel. Bell v. Pierson,* 267 F.3d 544, 557 (7th Cir. 2001).

In this case, the evidence that a juror was sleeping consists largely of the affidavits of Rieth's family members and others who observed the trial. They also state that Rieth's attorney, Craig Albee, was aware of the sleeping juror yet failed, despite repeated promises, to take any action to alert the judge to the sleeping juror. (Despite his attorney's failure to alert the judge, Rieth admits that the judge was aware of the problem and encouraged the jury to use all means necessary to stay awake.) Although the state persuasively argues that the affidavits of family members and friends

2

in a case like this are highly suspect–especially given the striking allegation that a juror was sleeping throughout most of the trial–it is easier to proceed to the merits of the ineffective assistance issue than to address the claim's factual basis.[1]

Even accepting the facts in the light most favorable to Rieth, he cannot show that the Wisconsin Court of Appeals misapplied the *Strickland* standard in any unreasonable fashion. 28 U.S.C. § 2254(d). In short, the court of appeals surmised that it could have been sound trial strategy to forego an objection to a sleeping juror. *State v. Rieth,* 2004 WI App 68, 677 N.W.2d 732 (Wis. Ct. App 2004)(noting "reasonable inference that trial counsel was not deficient in failing to raise any issue regarding the sleeping jurors, but rather, strategically kept silent in the hopes of a positive result.") Therefore, there was no indication that Attorney Craig Albee's performance was deficient. Other courts have also noted the strategic considerations involved when a juror has been sleeping. For instance, the Second Circuit observed:

> We express no view as to a situation in which deliberations had clearly begun when a report of a sleeping juror was made. On the one hand, a mistrial would likely be a desirable result to a defendant in some such cases. But it is also quite possible that an effective defendant's counsel would in some situations prefer to keep the allegedly dozing juror in place, and try for the possibility of an acquittal or a hung jury.

*Ciaprazi v. Senkowski,* 151 Fed.Appx. 62, 64, 2005 WL 2535723, **1 (2d Cir. 2005). Another panel of the Second Circuit made a similar observation:

---

[1] Although, in a similar case, one court noted that the evidence a juror was sleeping was "thin." "[T]he evidence that the juror was actually dozing is thin. Some greater indication than is currently in the record that he was, in fact, asleep, as opposed to daydreaming or concentrating with eyes shut, would have significantly strengthened the argument that a hearing was warranted. This might have been established through an affidavit from Ciaprazi, his trial counsel, or any of the jurors, but no such evidence was produced." *Ciaprazi v. Senkowski,* 151 Fed.Appx. 62, 64, 2005 WL 2535723, **1 (2d Cir. 2005). Here, there is no evidence from Rieth's trial counsel or any of the jurors, and so the evidence is similarly weak.

3

> *even if trial counsel saw a distracted juror, it was among the objectively reasonable strategic choices for counsel to forgo an objection.* The juror in question may have been one that defense counsel favored and wanted to keep. Or counsel may have concluded that pursuing the matter would have been fruitless, since the trial court had discretion to decide how to remedy such a problem and had already called the jurors to attention.

*Guinyard v. Keane,* 56 Fed.Appx. 44, 46, 2003 WL 430518, **2 (2d Cir. 2003) (italics added).[2]

Rieth ignores this possibility altogether, preferring instead a sort of omnibus rule that attorneys must always alert a court about a sleeping juror at every stage of a criminal case. Yet, as the courts cited above have noted, such a requirement is neither mandated by the Sixth Amendment nor by sound trial strategy. For instance, if counsel believed the trial was going well for his client–suppose he had obtained dramatic admissions or recantations on cross-examination–he would be unwise to point out every procedural flaw or insist upon every right the defendant is guaranteed. In hindsight it is always easy and convenient to insist on perfection when things haven't gone one's way; but the deference built-into the *Strickland* analysis forbids courts from being so presumptuous. And when the claim is brought under § 2254, a further level of deference–that owed to state court determinations–doubly forbids this court from granting the petitioner the relief he seeks. 28 U.S.C. § 2254(d). Here, the state court applied the *Strickland* standard and concluded that there was a reasonable explanation for Rieth's attorney's behavior, and I cannot conclude that its determination was unreasonable.

Moreover, even if his counsel's performance was deficient, Rieth establishes no hint of prejudice resulting from his counsel's allegedly ineffective assistance. Again, he seems to believe

---

[2]Like most habeas cases, these decisions are unpublished and, under the circuit's rule, are not to be cited as precedential authority. I cite them not as precedent for their holdings, but merely to demonstrate the practical options facing trial counsel, which these other courts have also observed.

4

he is entitled to an error-free trial and that any error constitutes presumptive grounds for habeas relief. But that is not the standard. Instead, under *Strickland,* a petitioner must demonstrate a *material* error, i.e., one which caused the *outcome* of the trial to be different. Thus, to establish prejudice Rieth must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Woods v. McBride,* 430 F.3d 813, 821 (7th Cir. 2005). Here, even taking the evidence in Rieth's favor, it merely shows that one of the twelve jurors failed to pay attention during significant portions of the trial. Had the juror engaged in improper investigation of the case or been biased, Rieth would have a better claim because he could show the possibility that the juror's conduct affected the outcome. Or, had several jurors slept through substantial portions of the trial, the outcome of the trial could be called into question. But when the allegation is that one of the jurors was sleeping, it is much more difficult to show prejudice. Although Rieth is entitled to twelve attentive jurors in the first instance, under an ineffective assistance review the improper conduct of one of them does not establish a reasonable probability–or even a slight one–that the outcome of his trial would have been different. *Hall v. Groose,* 1994 WL 50604, *2 (8th Cir. 1994) ("Hall did not assert a reasonable probability that the outcome would have been different had counsel objected to the sleeping juror.")

In sum, because I cannot conclude that the state court's application of *Strickland* was unreasonable, the petition is denied and the case is dismissed.

**SO ORDERED** this ___24th___ day of May, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

5